**Entered on Docket
February 14, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: February 12, 2006**



_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                           No. 06-40036 TD
                                                Chapter 7
REDDY PORUS,

            Debtor.
_____/

**MEMORANDUM OF DECISION**

Two related contested matters in the above-captioned case were presented to the Court at a hearing on February 9, 2006. The first was the Court's order to show cause why the case should not be dismissed with prejudice.[1] The second was the debtor's motion

---

[1] The Court scheduled the order to show cause hearing for reasons other than the facts recited below. The order to show cause was issued because the debtor had provided a social security number in his first case. In his second case, he declared that he had no social security number. In response to the Court's order to show cause, the debtor stated that, in the first case, he had provided the court with a tax identification, not a social security number. The Court was not satisfied with this response. The number provided in the first case did not appear to be a tax identification number. By its format, it appeared to be a social security number. However, the Court's decision to dismiss the case with a 180 day refiling bar is unrelated to this issue.

to extend the automatic stay for 30 days pursuant to 11 U.S.C. § 362(c)(3)(B). For the reasons stated below, the Court will deny the motion to extend the automatic stay and dismiss the case with a refiling bar of 180 days.

## DISCUSSION

The debtor lives in India. He has filed two chapter 7 bankruptcy cases in this Court within the last six months. His first case was filed on October 16, 2005. It was dismissed on January 10, 2006 when he failed to attend two consecutive meetings of creditors. His second case was filed on January 13, 2006, three days after his preceding case was dismissed.[2] In his bankruptcy schedules, the debtor claimed to hold fee title to a parcel of undeveloped real property in Danville, California (the "Lot").[3] He listed no unsecured creditors.

The Lot is encumbered by a lien securing a claim held by CMR Mortgage Fund II, LLC ("Creditor"). The Creditor's claim is also secured by a junior lien on a commercial building (the "Building") owned by P. Bidda Holdings ("Bidda"), whose chapter 11 case is now

---

[2] Section 109(g) of the Bankruptcy Code, which is not a new provision, makes the debtor ineligible to file this case and represents sufficient grounds to dismiss this case, apart from the grounds stated below. The brief time between the dismissal of the debtor's prior case and the filing of this case make it unlikely that there were any changed circumstances justifying the second filing. The debtor has not alleged any changed circumstances qualifying as such.

[3] Legal title to the Lot is actually held by the debtor as trustee for the Double M Trust. It is unclear whether any such trust actually exists. The debtor filed the first bankruptcy case as an individual doing business as Double M Trust.

2

pending in this court. In support of the motion to extend the automatic stay, the debtor represented that Bidda was in the process of selling the Building for a sufficient amount to pay the Creditor's claim in full.[4] He admitted that he filed the two chapter 7 cases solely to obtain the automatic stay so as to prevent the Creditor from foreclosing on the Lot in the meantime.

The Office of the United States Trustee (the "UST") and the chapter 7 trustee (the "Trustee") both appeared at the hearing through counsel. The Trustee opposed dismissal of the case at this time. She asked for additional time to determine whether there were any creditors and whether the Lot had any value that could be realized for their benefit.

Section 362(c)(3)(A) of the Bankruptcy Code provides that, if an individual files a chapter 7 case within 1 year of when a prior chapter 7 was pending, the individual only receives an automatic stay for 30 days. To obtain a longer stay, the debtor must file a motion to extend the stay and must persuade the Court that the second case was filed in good faith. 11 U.S.C. § 362(c)(3)(B). There is a presumption under these circumstances that the second case was filed in bad faith. To rebut this presumption, the debtor must present clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C). Here, the debtor failed to meet that burden, and the motion to extend the stay will be denied. A debtor's desire

---

[4] The Creditor disputes that the value of the Building is sufficient to pay its claim in full. To the contrary, it fears that the combined value of the Building and the Lot may render it undersecured.

3

to obtain the benefit of the automatic stay and nothing else is not a legitimate purpose for filing a chapter 7 case.

The more interesting issue is whether the case should be dismissed despite the Trustee's objection. The Trustee has clearly not had adequate time to investigate whether the Lot has any value for these potential creditors. On the other hand, if the Creditor's view of the value of the Building and the Lot is correct, any delay would be prejudicial to its interests.

The question arose at the hearing as to whether, under these circumstances, the automatic stay protecting property of the estate would expire within 30 days unless extended as well as the automatic stay protecting the debtor. The Trustee had not filed a motion to extend the stay. Any such extension is required to be granted within the first 30 days of the case. See 11 U.S.C. § 362(c)(3)(B). According to the Creditor, the Lot was scheduled to be sold at a foreclosure sale on February 15, 2006. If the stay as to the estate expired on February 12, 2006, the Trustee's ground for opposing dismissal would be moot. The Court's reading of the statute in court suggested that the stay protecting the estate would expire on February 12, 2006.

However, on closer reading of the statute, the Court concludes that, even where a second chapter 7 case is filed within one year of a prior case, the automatic stay protecting the estate does not expire within 30 days unless extended by the court. Like many of the provisions enacted in the Bankruptcy Abuse and Consumer Protections Act ("BAPCA"), the language is ambiguous. The

4

relevant provision states that "the stay...with respect to any action taken with respect to a debt or property securing such debt...shall terminate with respect to the debtor on the 30th day after the filing of the later case...." See 11 U.S.C. § 362(c)(3)(A). The phrase "with respect to a debt or property securing such debt" suggests that the stay protecting the estate as well as the stay protecting the debtor expires in 30 days. However, the phrase "shall terminate with respect to the debtor" suggests that only the stay protecting the debtor expires in 30 days.

The latter reading makes more sense. The primary motivation for the enactment of the consumer provisions of BAPCA was to discourage individual debtors from abusing the bankruptcy system and to provide greater protections for creditors. Depriving the estate of the protection of the automatic stay, where maintaining it might benefit creditors, would be inconsistent with that goal. Moreover, it would be difficult for a chapter 7 trustee to make the showing required to overcome the presumption of bad faith. Therefore, unless the case is dismissed, the foreclosure sale scheduled for February 15, 2006 cannot go forward.

However, the Court concludes that the case should be dismissed. As noted above, the debtor has scheduled no unsecured creditors. Although the claims bar date has not passed, the Court finds it likely that no unsecured claims will be filed. Since the debtor scheduled no unsecured claims, no unsecured creditors will receive notice of the filing. Moreover, because the debtor lives

5

in India, it is plausible that he has no unsecured creditors, at least in the United States.  If the Creditor's view of the value of the two properties is correct, any delay in the foreclosure sale of the Lot would be prejudicial its interests.  Under these circumstances, the Court concludes that it would be inequitable to maintain this case on the chance that unsecured creditors might file claims.

## CONCLUSION

The debtor's motion to extend the automatic stay is denied.  The case is dismissed with a 180 day refiling bar.  Counsel for Creditor is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

```
                        COURT SERVICE LIST

Reddy Porus
2415 San Ramon Valley Blvd., #4-160
San Ramon, CA 94583

Lois I. Brady
350 Frank H. Ogawa Plaza, Ste. 702
Oakland, CA 94612

Marcus O. Colabianchi
Stein & Lubin LLP
600 Montgomery St., 14th Floor
San Francisco, CA 94111
```